Michael G. Doan, SBN 175649
Doan Law Firm
2850 Pio Pico Drive, Suite D
Carlsbad, CA 92008
Phone (760) 450-3333 • Fax (760) 720-6082
mike@doanlaw.com

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re: | ) Case No    14-09947 |
| | ) |
| Edward Renner | ) Chapter    7 |
| Lynette Renner, | ) |
| | ) AP No |
| | ) |
| Debtors, | ) **ADVERSARY PROCEEDING TO** |
| | ) **RECOVER PREFERENCE BY** |
| | ) **DEBTORS** |
| Edward Renner | ) |
| Lynette Renner, | ) |
| | ) |
| | ) |
| Plaintiff(s)/Debtor(s), | ) |
| | ) |
| vs. | ) |
| | ) |
| RBS Citizens, N.A. | ) |
| and DOES 1 through 10, inclusive, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**I.**

**INTRODUCTION**

1.    Plaintiff(s)/Debtor(s), Edward Renner and Lynette Renner,, ("PLAINTIFF(S)"), bring

this Adversary Proceeding against RBS Citizens, N.A., ("DEFENDANTS"), to recover

aggregate payments made to an unsecured creditor within the 90 day preference period

1    pursuant to 11 U.S.C. Section 547.

2                                                **II.**

3                                         **JURISDICTION**

4    2.    Jurisdiction is conferred on this Court pursuant to the provisions of 11 USC 1334 in that

5          this proceeding arises from and is related to the above captioned case under Title 11.

6    3.    This Court has both personal and subject matter jurisdiction to hear this case pursuant to

7          28 USC 1334 and 28 USC 157(b)(2), respectively.

8    4.    This Court also has jurisdiction pursuant to 28 USC 1331 in light of the Federal Subject

9          Matter of 11 USC 524.

10   5.    This matter is primarily a core proceeding under 28 USC and therefore the Bankruptcy

11         Court has jurisdiction to enter a final order.  However, in the event this case is

12         determined to be a non-core proceeding, PLAINTIFF(S) consent to the entry of a final

13         order by the Bankruptcy Judge.  This adversary is proper in that it seeks injunctive and

14         equitable relief  per FRBP 7001(7).

15   6.    Venue lies in this District pursuant to 28 USC 1391(b).

16                                               **III.**

17                                          **PARTIES**

18   7.    PLAINTIFF(S) are Debtor(s) in the instant case under Title 11, of the United States

19         Code.

20   8.    DEFENDANT RBS Citizens, N.A. was listed in the Bankruptcy Schedules and, upon

21         information and belief, a business located at 1 PARK PLZ STE 600, IRVINE, CA

22         92614-5987.

23   9.    PLAINTIFF(S) believe, and thereupon allege, each DEFENDANT, were at all times

24         mentioned, the agent, employee, assignor, assignee, and alter ego of each of the

25         remaining CO-DEFENDANTS, and in committing the acts herein alleged, was acting in

26         the scope of their authority as such agents, employees, or alter egos and with the

           permission and consent of the remaining CO-DEFENDANTS.

10.    PLAINTIFF(S) are unaware of the true names and capacities of DEFENDANT DOES 1-10, inclusive.  PLAINTIFF(S) are informed and believes and thereon alleges that each fictitious DEFENDANT was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore.  When the exact nature and identity of each fictitious DEFENDANT'S responsibility for the matters and things herein alleged are ascertained by PLAINTIFF(S), the same will seek to amend this complaint and all proceedings to set forth the same.

## IV.

## FACTS

11.    DEFENDANT at all times relevant to the allegations in this complaint knew that PLAINTIFF(S) were represented by an attorney in connection with their bankruptcy filing and that the underlying debt owed by PLAINTIFF(S) was in fact a "consumer debt" as that term is defined by applicable Federal and State statutes.

12.    PLAINTIFF(S) filed for Bankruptcy Protection on December 31, 2014.

13.    Prior to the filing of this Chapter 7 case, DEFENDANT, an unsecured creditor, garnished approximately $3682.00 from the Plaintiff during the 90 day preference period as set forth in 11 U.S.C. Section 547(b).

14.    The garnishment was to the benefit of the DEFENDANT for or on account of an antecedent debt owed by the debtor before the garnishment was made.

15.    PLAINTIFF was insolvent during this period of time and this garnishment has enabled the Defendant to receive more than other creditors would receive under Chapter 7.

16.    DEFENDANT has received a preference under 11 U.S.C. Section 547(b) by garnishing the above amount.

17.    The Trustee has not attempted to avoid the transfer.

18.    PLAINTIFF has available exemptions to exempt the transfer.

19.    The transfer was not voluntary and PLAINTIFF has not concealed the transfer.

20.   PLAINTIFF may avoid the transfer per 11 U.S.C. 522(h) and 547(b).

21.   As a result of the above violations the Defendant is liable to the Plaintiff for the actual amount of $3,682.00, plus reasonable attorney's fees and expenses in the sum of no less than $500.00 per hour pursuant to CCC1717.

## V.

## PRAYERS FOR RELIEF

**WHEREFORE**, the PLAINTIFF(S) having set forth their claims for relief against the DEFENDANT respectfully prays of the Court for the following relief:

a.   The refund of the $3.682.00 obtained by Defendant as described above, to be sent to PLAINTIFF'S attorney in care of the PLAINTIFF within 30 days;

b.   Attorney fees and costs;

c.   For such other and further relief as may be just and proper.

Dated:   February 4, 2015            Respectfully submitted,

**DOAN LAW FIRM**

By:   /s ecf Michael G. Doan
         Michael G. Doan, Attorney for PLAINTIFF(S)